## Case No. 10,705.

### PANCOAST v. BARRY.

[1 Cranch, C. C. 176.] [1]

Circuit Court, District of Columbia. July Term, 1804.

TRESPASS — PLATS — PLEA OF NOT GUILTY—WHAT DEFENCES—BOUNDARIES—WITNESS—INTEREST.

1. In ejectment, plats are part of the pleadings; in trespass they are evidence only.

2. Upon the plea of not guilty, in trespass quare clausum fregit, and notice of "defence on warrant," the defendant may give his title in evidence as a justification, without pleading it specially.

3. A person interested in supporting a particular location, is not a competent witness to prove it.

4. All locations not counter-located are admitted to be correct.

5. When a boundary is proved, course and distance must yield to it.

Trespass quare clausum fregit; not guilty; defence on warrant; plats, deposition, and accounts filed; leave to add and amend.

The defendant had a new location and plat of a contiguous tract made by the surveyor, since the last term. under leave to add and amend, thirty days' notice having been given to Pancoast.

Mr. Gantt, for the plaintiff, moved for a continuance, on the ground of its being an important amendment on the part of the defendant, which would require time to consider and plead.

Mr. Mason and Mr. Key stated that, in ejectments, the locations of the pretensions of the parties are considered as part of the pleadings, the allegata; but that locations of adjacent lands, for illustration, are to be considered as matter of evidence, probata. But this is an action of trespass. All plats taken in an action of trespass are for illustration, and are matters of evidence; it is therefore like the taking of a deposition; notice was duly given to the opposite party. He had time to collect counter evidence, if he pleased.

Upon the trial, Mr. Woodward, for the plaintiff, moved to strike out "defence on warrant," and contended that if the defendant means to rely on title as a justification, it must be specially pleaded.

Mason & Key, for defendant. The words, "defence on warrant," are only to give notice of the nature of the evidence intended to be produced. The plea is, not guilty. Upon the trial of that issue, if the plaintiff should object to the evidence, that will be the time to consider it. It has been the uniform practice in Maryland to try the title on the general issue, after giving notice in this form.

And of this opinion was THE COURT (KILTY, Chief Judge, absent).

H. Selby was called by the plaintiff to prove the declarations of a Mr. Bean, who is dead, as to the 2d boundary of 1st line of St. Eliza-beth, and that it was some distance westward of the place alleged by defendant; but it appearing that Bean was the owner of an adjoining tract, which would be injured by the defendant's location, THE COURT refused to admit his declarations to go in evidence. Afterwards, the defendant having given the declarations of the same Mr. Bean in evidence, in support of his location, THE COURT permitted the plaintiff to give evidence of Bean's declarations to the contrary. For if Bean had himself been introduced as a witness for the defendant, it would be competent to give his contrary declarations to others at different times, in evidence, to discredit him, and his declarations cannot be better evidence than his testimony upon oath.

Mr. Key moved the court to instruct the jury that all locations made by either party and not counter-located by the opposite, are admitted to be correct.

Mr. Woodward contended that his client not having. in fact attended, although he had notice, was not bound by the plats.

THE COURT gave the instruction as prayed. It was admitted, that where a boundary is called for and proved, the course and distance must conform, although thereby it varies from the course and distance stated in the grant.